## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

|  |  |
|---|---|
| Amy Nelson, | : |
|  | : |
|  | : Civil Action No.:  3:19-cv-1410 |
|           Plaintiff, | : |
| v. | : |
|  | : |
| Credit Protection Association, | : **COMPLAINT** |
|  | : |
|           Defendant. | : |
|  | : |
|  | : |

For this Complaint, the Plaintiff, Amy Nelson, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of the Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.      The Plaintiff, Amy Nelson ("Plaintiff"), is an adult individual residing in Saginaw, Minnesota, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.      Defendant Credit Protection Association ("Credit"), is a Texas business entity with an address of 13355 Noel Road, Suite 2100, Dallas, Texas 75240, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.    The Debt**

5.    The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.    The Debt was purchased, assigned or transferred to Credit for collection, or Credit was employed by the Creditor to collect the Debt.

8.    The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.    Credit Engages in Harassment and Abusive Tactics**

9.    Within the last year, Credit contacted Plaintiff in an attempt to collect the Debt.

10.    On or about January 2, 2019, despite having already been in contact with Plaintiff, Credit contacted a third party who did not co-sign for the Debt and is therefore in no way responsible for its repayment.

11.    Moreover, Credit disclosed details about the Debt to the third party, causing Plaintiff a great deal of embarrassment and humiliation.

**C.    Plaintiff Suffered Actual Damages**

12.    The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

13.    As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15.     The Defendant's conduct violated 15 U.S.C. § 1692b(1) in that Defendant contacted third parties for purposes other than to confirm or correct location information.

16.     The Defendant's conduct violated 15 U.S.C. § 1692b(2) in that Defendant informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

17.     The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18.     The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

19.     The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

20.     The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

21.     The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

## VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT
## TEX. FIN. CODE ANN. § 392, et al.

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint

as though fully stated herein.

24.     The Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

25.     The Defendant is a "debt collector" and a "third party debt collector" as defined

by Tex. Fin. Code Ann. § 392.001(6) and (7).

26.     The Defendant caused a telephone to ring repeatedly, with the intent to annoy or

abuse the Plaintiff, in violation of Tex. Fin. Code Ann. § 392.302(4).

27.     The Plaintiff is entitled to injunctive relief and actual damages pursuant to Tex.

Fin. Code Ann. § 392.403(a)(1) and (2) and to remedies under Tex. Bus. & Comm. Code

§ 17.62 pursuant to Tex. Fin. Code Ann. § 392.404(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the

Defendant:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendant;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A)

    against the Defendant;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C.

    § 1692k(a)(3) against the Defendant;

4.  Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

5.  Actual damages pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

6.   Remedies under Tex. Bus. & Comm. Code  § 17.62 pursuant to Tex. Fin.

4

Code Ann. § 392.404(a);

7. Actual damages from the Defendant for the all damages including emotional

distress suffered as a result of the intentional, reckless, and/or negligent

FDCPA violations in an amount to be determined at trial for the Plaintiff;

8. Punitive damages; and

9. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 13, 2019

Respectfully submitted,

By */s/ Jody B. Burton*

Jody B. Burton, Esq.
CT Bar # 422773
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-mail: jburton@lemberglaw.com
Attorneys for Plaintiff